IN THE MIDDLE DISTRICT OF FLORIDA
UNITED STATES DISTRICT COURT
TAMPA DIVISION

ANDREA SACKMASTER,

    Plaintiff,

vs.                              CASE NO.:

URBAN OUTFITTERS, INC.,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, ANDREA SACKMASTER, by and through her undersigned counsel, hereby sues the Defendant, URBAN OUTFITTERS, INC., a foreign corporation and alleges as follows:

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1367.

2. Venue lies within the United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

## PARTIES

3. Plaintiff, ANDREA SACKMASTER, is a resident of Pasco County, Florida.

4. Defendant, URBAN OUTFITTERS, INC., is a foreign corporation, licensed and authorized to conduct business in the State of Florida and doing business within this Judicial District.

5. Defendant, URBAN OUTFITTERS, INC. is an employer as defined by the laws under which this action is brought and employs the required number of employees.

## ADMINISTRATIVE PREREQUISITES

6. All conditions precedent to bringing this action have occurred.

7. On April 28, 2022, Plaintiff filed a sex (gender) and pregnancy discrimination charge with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR"). A Right to Sue was issued on February 22, 2023.

8. More than 180 days have passed since the filing of said charge.

## FACTUAL ALLEGATIONS

9. On November 23, 2021, Plaintiff applied for a position as a remote Email Developer for Urban Outfitters.

10. At Plaintiff's previous employment, Plaintiff served as a Senior

Email Developer and was qualified for the position.

11. The same day, November 23, 2021, an Urban Outfitters recruiter, Emily Feinberg, contacted Plaintiff to arrange an interview.

12. On December 2, 2021, Plaintiff had an initial interview with an internal recruiter at Urban Outfitters to discuss the position.

13. The interview went well, and a subsequent interview was set up for December 17, 2021, with Ms. Dana Trump, the hiring manager and supervisor for the open position.

14. That interview went well, and Plaintiff was asked to interview with Ms. Sara Paik (Ms. Trump's supervisor).

15. The interview with Ms. Paik occurred on January 6, 2022, and also went well.

16. On January 11, 2022, Plaintiff received an email from Urban Outfitters Recruiter, Emily Feinberg, asking to set up a time to discuss the job's benefit package.

17. And on January 18, 2022, Plaintiff had a meeting with Ms. Emily Steinberg from Human Resources, to discuss the job, the salary and the benefits package. During that meeting, while discussing the benefits package and the available paid time off, Plaintiff noted to Ms. Steinberg that she was pregnant.

18 Before the January 18, 2022, meeting with Ms. Steinberg, Plaintiff

had been scheduled to interview on January 20, 2022, with a panel of Urban Outfitters employees that work in other departments.

19. During that group meeting, Plaintiff discussed Urban Outfitters' culture and work environment, and felt that meeting went well.

20. On January 23, 2022, Ms. Steinberg sent Plaintiff an email notifying her that Plaintiff had not been selected for the position and that Urban Outfitters planned to move forward with other candidates.

21. Plaintiff responded to the email asking for a reason why she was not selected, but did not receive a response.

## COUNT I
## FLORIDA CIVIL RIGHTS ACT ("FCRA")
## PREGNANCY DISCRIMINATION

22. Plaintiff realleges and adopts the allegations in paragraphs 1 through 21 as if set out in full hereafter.

23. Plaintiff is a member of a protected class under the Florida Civil Rights Act ("FCRA"), Section 760.01, *et seq., Florida Statutes.*

24. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of her pregnancy in violation of the FCRA.

25. Defendant knew, or should have known, of the discrimination.

26. As a result of Defendant's unlawful conduct, Plaintiff has suffered

and continues to suffer damages, including, but not limited to, the following:

      a.      Back pay and benefits;

      b.      Interest on back pay and benefits;

      c.      Front pay and benefits;

      d.      Reinstatement;

      e.      Compensatory damages, including for emotional pain and suffering;

      f.      Injunctive relief;

      g.      Attorney's fees and costs; and

      h.      Such other relief this Court deems just and equitable.

**WHEREFORE,** Plaintiff ANDREA SACKMASTER demands a trial by jury and a judgment against Defendant for all damages and relief available under the applicable law including compensation for lost wages, benefits, and other renumeration; interest; emotional pain and suffering; humiliation; and any other compensatory damages legally permitted; punitive damages, attorney's fees, costs, expenses, and all other relief that Court deems just and proper.

## COUNT II
## TITLE VII – PREGNANCY DISCRIMINATION

27. Plaintiff realleges and adopts the allegations in paragraphs 1 through 21 as if set out in full hereafter.

28. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act.

29. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of her pregnancy in violation of Title VII of the Civil Rights Act.

30. Defendant knew, or should have known, of the discrimination.

31. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages, including, but not limited to, the following:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Reinstatement;

    e. Compensatory damages, including for emotional pain and suffering;

    f. Injunctive relief;

    g. Attorney's fees and costs; and

    h. Such other relief this Court deems just and equitable.

**WHEREFORE,** Plaintiff ANDREA SACKMASTER demands a trial by jury and a judgment against Defendant for all damages and relief available under the applicable law including compensation for lost wages, benefits, and other

renumeration; interest; emotional pain and suffering; humiliation; and any other compensatory damages legally permitted; punitive damages, attorney's fees, costs, expenses, and all other relief that Court deems just and proper.

## COUNT III
## FLORIDA CIVIL RIGHTS ACT ("FCRA") – GENDER DISCRIMINATION

32. Plaintiff realleges and adopts the allegations in paragraphs 1 through 21 as if set out in full hereafter.

33. Plaintiff is a member of a protected class under the FCRA.

34. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of her sex/gender in violation of the FCRA.

35. Defendant knew, or should have known, of the sex/gender discrimination and disparate treatment of Plaintiff.

36. The aforementioned actions constitute discrimination on the basis of sex/gender, in violation of the FCRA.

37. As a result of Defendant's unlawful sex/gender discrimination, Plaintiff has suffered and continues to suffer damages, including the following:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

      d.      Interest on front pay and benefits;

      e.      Compensatory damages (including for mental pain and suffering);

      f.      Pecuniary and non-pecuniary losses;

      g.      Punitive damages; and

      h.      Attorney's fees and costs.

**WHEREFORE,** Plaintiff ANDREA SACKMASTER demands a trial by jury and a judgment against Defendant for all damages and relief available under the applicable law including compensation for lost wages, benefits, and other renumeration; interest; emotional pain and suffering; humiliation; and any other compensatory damages legally permitted; punitive damages, attorney's fees, costs, expenses, and all other relief that Court deems just and proper.

## COUNT IV
## TITLE VII - SEX DISCRIMINATION

38.    Plaintiff realleges and adopts the allegations in paragraphs 1 through 21 as if set out in full hereafter.

39.    Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964.

40. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of her sex/gender in violation of Title VII of the Civil Rights Act of 1964.

41. Defendant's adverse employment decisions toward Plaintiff were motivated by sex/gender-based considerations.

42. Defendant's unlawful and discriminatory employment practices toward Plaintiff were intentional.

43. Defendant's unlawful and discriminatory employment practices were done with malice or with reckless indifference to the state-protected rights of Plaintiff.

44. As a result of Defendant's unlawful sex/gender discrimination, Plaintiff has suffered and continues to suffer damages, including the following:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Interest on front pay and benefits;

    e. Compensatory damages (including for mental pain and suffering);

    f. Pecuniary and non-pecuniary losses;

    g. Punitive damages; and

  h. Attorney's fees and costs.

**WHEREFORE,** Plaintiff ANDREA SACKMASTER demands a trial by jury and a judgment against Defendant for all damages and relief available under the applicable law including compensation for lost wages, benefits, and other renumeration; interest; emotional pain and suffering; humiliation; and any other compensatory damages legally permitted; punitive damages, attorney's fees, costs, expenses, and all other relief that Court deems just and proper.

## DEMAND FOR JURY TRIAL

45. Plaintiff, ANDREA SACKMASTER, requests a jury trial on all issues so triable.

DATED this 31st day of March, 2022.

           **FLORIN, GRAY, BOUZAS, OWENS, LLC**

           */s/Scott l. Terry*
           **SCOTT L. TERRY, ESQUIRE**
           Florida Bar No.: 77105
           sterry@fgbolaw.com
           debbie@fgbolaw.com
           16524 Pointe Village Drive, Suite 100
           Lutz, FL 33558
           Telephone (727) 254-5255
           Facsimile (727) 483-7942
           Attorney for Plaintiff